UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VERSEL GREEN,

        Plaintiff,

    v.                                          **DECISION AND ORDER**
                                                  07-CV-0060S

NATIONAL GRID, NATIONAL GRID USA
SERVICE COMPANY, INC., NIAGARA MOHAWK
POWER CORPORATION, NIAGARA MOHAWK,
A NATIONAL GRID COMPANY, LOCAL 97,

        Defendants.


      1.     Plaintiff commenced this action by filing a Verified Complaint on September 15, 2006, in New York State Supreme Court, Erie County, alleging that his former employers Niagara Mohawk and National Grid terminated his employment for various discriminatory reasons and that his union, Local 97, failed to fairly represent him.  On September 16, 2006, Plaintiff filed a virtually identical complaint in this Court under Civil Case Number 06-CV-0629, which, although prepared by counsel, bears some indications that it is being prosecuted by Plaintiff *pro se*.  In a separate Order, this Court consolidated that case with the instant case.

      2.     On February 1, 2007, Defendants removed this action to this Court.  On February 7, 2007, Defendant Local 97 filed the instant Motion to Dismiss the Complaint (Docket No. 6), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Local 97 argues that any claim Plaintiff asserts against it is barred by the statute of limitations.

      3.     This Court (Elfvin, J.) directed that responses to the Motion be filed on or before March 23, 2007.  To date, no response has been filed by Plaintiff.

      4.     On October 17, 2007, this case was reassigned to the undersigned, after the

Honorable John T. Elfvin took inactive senior judge status.

5.      Local 97 construes the Complaint to assert a claim for breach of the duty of fair representation arising from a grievance Plaintiff allegedly filed in "2001-2," and argues that any claim for breach of the duty of fair representation is subject to a six-month statute of limitations.  As this action was not commenced until September 2006, Local 97 argues that any such claim is clearly time barred.

6.      Plaintiff's Complaint fails to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  That rule requires that Plaintiff allege a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Plaintiff need not set out his allegations in detail, the Complaint must provide notice of the claims to be defended.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513, 122 S.Ct 922, 152 L. Ed.2d 1 (2002).  Here, the lack of specificity leads Local 97 to speculate as to the basis for Plaintiff's claim, the relevant events, and the pertinent time period.

7.      The only clear allegations made with respect to Local 97 are that Plaintiff was a member of Local 97, that Local 97 had a duty to fairly represent him and that Local 97 failed to fairly represent him.  (Compl. ¶¶ 8, 9).  While Local 97 is correct in noting that Plaintiff alleges that he filed a grievance in "2001-2," he also alleges adverse actions taken against him in 2003 by Niagara Mohawk and/or National Grid.  (Compl. ¶¶ 10, 17).  Plaintiff alleges that those actions were motivated by discrimination and/or retaliation.  The Complaint also refers to events in "1983-4."  (Compl. ¶ 21).  The insufficiency of the pleadings makes it impossible for the Court to determine the time period in which Local 97 allegedly failed to represent Plaintiff or whether Plaintiff alleges that Local 97 was motivated by discrimination or retaliation, which would arguably subject his claims to a longer limitations period.  See e.g., Lee v. ITT Standard, 268 F. Supp. 2d 315, 335-36

(W.D.N.Y. 2002) (applying three year limitations period for discrimination claims against union under 42 U.S.C. §1981 and New York State Human Rights Law).

8.     Ordinarily, the Court would not engage in such scrutiny of a Complaint drafted by counsel.  In these cases, however, there are indications that Plaintiff may be proceeding *pro se*.  First, the complaint in 06-CV-0629 contains a handwritten notation that Plaintiff was proceeding *pro se*.  Second, purported counsel has been completely unresponsive to scheduling notices from the Court in both cases and to opposing counsel.

9.     The Court concludes that the prudent course, at this time, is to proceed as though Plaintiff may be self-represented and to deny Local 97's Motion to Dismiss the Complaint (Docket No. 6) without prejudice and to grant Plaintiff thirty (30) days from the date of this Order in which to file and serve an Amended Complaint setting forth his claims against Local 97 in greater detail.

10.    Plaintiff is advised that his failure to file and serve an Amended Complaint or to request additional time, in writing, from this Court within the next thirty (30) days, may result in the dismissal of his claims against Local 97.  Plaintiff is further directed to provide this Court with an address at which he may be served with correspondence and filings in this case, and is advised that Local Rule of Civil Procedure 5.2(d) requires a *pro se* litigant to keep the Court advised as to his or her current address.  Again, failure to do so may result in the dismissal of his claims.  Finally, the Clerk of the Court is directed to mail a copy of this Order addressed to Plaintiff at the following address:

120 Meyer Rd. # 603
Amherst, NY 14226

IT HEREBY IS ORDERED that Local 97's Motion to Dismiss the Complaint (Docket No. 6) is DENIED without prejudice to its renewal;

3

FURTHER, that Plaintiff is granted thirty (30) days from the date of this Order in which to file and serve an Amended Complaint stating his allegations against Local 97 in greater detail.  Failure to do so or to seek a further extension from this Court may result in the dismissal of his claim against Local 97;

FURTHER, that Plaintiff is ordered to furnish this Court within thirty (30) days of the date of this Order an address at which he may be served with papers in this case and failure to do so may result in the further dismissal of some or all of his claims;

FURTHER, that the Clerk of the Court is ordered to mail a copy of this Order addressed to Plaintiff at:

> 120 Meyer Rd. # 603
> Amherst, NY 14226

SO ORDERED.

Dated:   April 8, 2008
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge